AO245b (USDC-CT Rev. 9/07)

Page 1

UNITED STATES DISTRICT COURT
District of Connecticut

UNITED STATES OF AMERICA

vs.

AMANDA BOWDEN

**JUDGMENT IN A CRIMINAL CASE**

CASE NO. *3:13CR81 (MPS)*
USM NO:

<u>HENRY K. KOPEL</u>
Assistant United States Attorney

<u>KELLY M. BARRETT</u>
Defendant's Attorney

*FILED 2014 MAR -7 P 1:02 US DISTRICT COURT HARTFORD CT*

**THE DEFENDANT:** pled guilty to count **One** of the information.

Accordingly the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| 18 U.S.C. Section 1038 | False Information and Hoaxes | February 13, 2013 | One |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total **Time Served**.

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a total term of **3 years**. The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:

1. The defendant shall participate in a program approved by the U.S. Probation Office for mental health treatment, either inpatient or outpatient, and shall follow the treatment recommendations of her treating clinician/counselor. The defendant shall pay all, or a portion of the costs associated with treatment, based on the defendant's ability to pay as determine by the U.S. Probation Officer.

2. The defendant shall participate in a program approved by the U.S. Probation Office for inpatient or outpatient substance abuse treatment and testing. The defendant shall pay all or a portion of the costs of the costs associated with treatment, based on the defendant's ability to pay as determined by the U.S. Probation Office.

3. The defendant shall sign all necessary releases of information for disclosure of ongoing medical/treatment information to the U.S. Probation Office.

4. The defendant shall abstain from the use of alcohol.

5. The defendant shall not use or unlawfully possess a narcotic drug or other controlled substance unless prescribed by a licensed medical practitioner and then only as prescribed.

6. The defendant shall not possess a firearm, destructive device, explosive, or other dangerous weapon or device.

AO245b (USDC-CT Rev. 9/07)
Page 2

7. The defendant shall avoid all contact, direct or indirect, with any victim of the offense of conviction, including the faculty staff and students at Gateway Community College other than for receiving professional or therapeutic services from providers who are associated with Gateway Community College.

8. The defendant shall advise the U.S. Probation Office of the possession of, or access to, any Internet capable device. The defendant shall agree that any device that she uses with Internet access will be equipped with monitoring software that will permit the U.S. Probation Office to determine whether she has accessed any information similar to that involved in the instant offense, and which would be detrimental to her psychological well-being. Suspect computer use shall be identified by the installed program and/or the U.S. Probation Office through the screening of the defendant's computer usage for certain key words, phrases, and images. The defendant shall pay all or a portion of costs associated with computer monitoring, based on the defendant's ability to pay as determined by the U.S. Probation Officer.

9. The defendant shall submit her person, residence, office or vehicle to a search, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

10. The defendant shall immediately notify the U.S. Probation Officer upon learning of any planned discharge or transition from her place or treatment.

11. The defendant shall pay the special assessment imposed as part of this sentence.

**CRIMINAL MONETARY PENALTIES**
The defendant must pay the total criminal monetary penalties under the schedule of payments as follows.

**Special Assessment:**      $100.00

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all costs and special assessments imposed by this judgment, are paid.

March 3, 2014
Date of Imposition of Sentence

/s/ MICHAEL P. SHEA

Michael P. Shea
United States District Judge
Date: 3/6/14

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

Joseph P. Faughnan
United States Marshal

By _____
Deputy Marshal

CERTIFIED AS A TRUE COPY
ON THIS DATE _____
ROBERTA D. TABORA, Clerk
BY: _____
Deputy Clerk

AO245b (USDC-CT Rev. 9/07)

Page 3

# CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

## MANDATORY CONDITIONS

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ■ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ■ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ☐ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ☐ (7) (A) In a state in which the requirements of the Sex Offender Registration and Notification Act (see 42 U.S.C. §§ 16911 and 16913) do not apply, a defendant convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4) (Pub. L. 105-119, § 115(a)(8), Nov. 26, 1997) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation, or is a student; or

  (B) In a state in which the requirements of Sex Offender Registration and Notification Act apply, a sex offender shall (i) register, and keep such registration current, where the offender resides, where the offender is an employee, and where the offender is a student, and for the initial registration, a sex offender also shall register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence; (ii) provide information required by 42 U.S.C. § 16914; and (iii) keep such registration current for the full registration period as set forth in 42 U.S.C. § 16915;

- ■ (8) The defendant shall cooperate in the collection of a DNA sample from the defendant.

While on supervised release, the defendant shall also comply with all of the following Standard Conditions:

## STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
(2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within five days after such change;
(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
(14) The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

The defendant shall report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons. Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____        _____
            Defendant                                Date

         _____        _____
         U.S. Probation Officer/Designated Witness    Date